I disagree with the majority's statement that the trial court does not have give its reasons for its findings, and must only consider the statutory factors. While the trial court does not have to make findings of fact in support of its decision, it should state its essential findings on the record in order to provide effective appellate review. Where the trial court, as here, has not given this court the benefit of its reasoning in determining appellant was not amenable to community control sanctions and that incarceration is consistent with the goals of the statute, this court is left to do a de novo review of the case. The statute creates a presumption that community control is an appropriate sanction for this level of offense. The results of the pre-sentence investigation recommended community control. Appellant set forth several factors which she argued showed her conduct was less serious than conduct normally constituting the offense, and the trial court found one of those factors to be present. The trial court noted only one factor it found weighed in favor of finding appellant's conduct was more serious than conduct normally constituting the offense. That factor was the "relationship" between the appellant and the victim in that they were neighbors. I would find the term "relationship" implies more than merely living in the same neighborhood, but rather, for example, step-parent, caretaker, or teacher.
The majority finds the trial court properly considered the statutory factors, and thus the record supports the sentence by clear and convincing evidence. I would find absent more information from the trial court regarding how it interpreted the circumstances of this case, the record does not support the sentence by clear and convincing evidence.